# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| VICTORIA RHODES, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COMPUTER SCIENCES CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 1:14-cv-213 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on the parties' cross-motions for summary judgment.

When Donnell Ellis, Quinton Gardner, Kwan Johnson, Victoria Rhodes, and Selina Riggs ("Plaintiffs") began their employment with Computer Sciences Corporation ("C.S.C." or "Defendant") they agreed to the terms of two different letters; an offer letter and a foreign travel letter ("F.T.L."). The offer letters established each Plaintiff's base pay rate and the F.T.L.s detailed their compensation while working overseas in support of a contract between Defendant and the Department of Defense. This dispute arises out of the parties' different interpretations of the compensation provisions contained in the offer letter and F.T.L. Plaintiffs believe they are entitled to an hourly wage for all hours worked; Defendant believes they are due an annual salary based on the hourly wage in each offer letter multiplied

over 52 40-hour weeks. Because the plain meaning of the two contracts, read together, indicates Plaintiffs should have been paid an hourly wage for all hours worked, Plaintiffs are entitled to summary judgment in their favor.

Plaintiffs are five employees of C.S.C. that agreed to the terms of offer letters and F.T.L.s between September 2010 and June 2011. Ellis and Riggs signed their offer letters and F.T.L.s in Texas; Gardner signed his offer letter and F.T.L. in Kuwait; Johnson signed his offer letter and F.T.L. in Afghanistan; and Rhodes signed her offer letter and F.T.L. in Iraq.[1] Plaintiffs worked on "Task Order 9," a Department of Defense contract supporting operations in Southwest Asia, with their principal places of employment in Afghanistan, Iraq, and Kuwait.

The relevant portion of Plaintiffs' offer letter states their "compensation will consist of an hourly rate of [dollar amount], which will be paid biweekly." Aside from the hourly wage itself, the compensation provision in Plaintiffs' offer letters are identical. Ellis, Gardner, and Riggs were to be paid an hourly rate of $31.49; Johnson's hourly rate was $32.69; and Rhodes' hourly rate was $31.25. The relevant wording in

---

1 Ellis signed his letters on June 13, 2011; Gardner on March 10, 2011; Johnson on May 19, 2011; Rhodes on January 20, 2011; and Riggs on September 29, 2010.

Plaintiffs' F.T.L.s states: "Your base weekly salary will not change as a result of this assignment."

After Plaintiffs were hired by C.S.C. they were paid on a salary basis, regardless of how many hours they worked. Plaintiffs subsequently filed this lawsuit, claiming they should have been paid an hourly wage instead of an annual salary, and seeking compensation for unpaid hours worked between September 2010 and June 2012. Ellis claims he is owed $51,250.00; Gardner claims $72,489.00; Johnson claims $67,079.88; Rhodes claims $67,812.50; and Riggs claims $91,604.00. The parties agree these amounts represent the unpaid compensation due if this Court decides Plaintiffs should have been paid an hourly wage instead of a salary. The parties now move for summary judgment.

Summary judgment is appropriate when a movant demonstrates there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This case, which requires an interpretation of written contracts that "does not depend in any degree on oral testimony or extrinsic facts, but wholly on the

writing," presents a "pure question of law…which must be decided by the court." McNamee v. Hunt, 87 F. 298, 301 (4th Cir. 1898) (citing Hamilton v. Liverpool & London & Globe Ins. Co., 136 U.S. 242, 255 (1890)). Summary judgment is plainly appropriate here, where the parties do not dispute the number of hours worked by each employee, the hourly rate applicable to each employee, or any other facts. The sole issue is whether the two employment documents, read together, require an hourly wage or annual salary.

This case was transferred to this Court pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Southern District of Mississippi. Since the defendant sought transfer, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change in venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Therefore, the choice of law rule of Mississippi applies.

To determine the applicable choice of law rule, this Court applies Mississippi's "center of gravity" approach to resolving choice of law issues in contract cases. See Ingalls Shipbuilding v. Fed. Ins. Co., 410 F.3d 214, 230 (5th Cir. 2005). "A court that applies the center of gravity approach must determine which state has the most substantial contacts with the parties and the

subject matter of the action." Id. at 230-31. Factors used to determine which substantive contract law applies include: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id. at 231.

For many of the reasons Defendant listed in its motion to remove the Plaintiffs' case to this Court, Virginia is the center of gravity. Although Plaintiffs negotiated, entered, and performed their contracts overseas,[2] Defendant's contacts are almost entirely with Virginia: C.S.C. is a publicly-traded corporation headquartered in Falls Church, Virginia; all of its contracting, negotiation, and performance of the contracts occurred in Virginia; Plaintiffs submitted their applications to C.S.C.'s headquarters in Virginia; the decisions to hire Plaintiffs were made in Virginia; and Plaintiffs' personnel records were kept in Virginia. Virginia is clearly the "center of gravity" and therefore Virginia law applies.

The plain meaning of Plaintiffs' offer letters indicates they were to be paid an hourly wage, not an annual salary. Even assuming arguendo that the terms are ambiguous, Plaintiffs still

---

2 Two the plaintiffs entered their contracts in Texas, one in Afghanistan, one in Iraq, and one in Kuwait.

prevail as C.S.C. drafted the offer letter and Virginia law requires ambiguous terms to be construed against the drafter. See Martin & Martin, Inc. v. Bradley Enterprises, Inc., 504 S.E.2d 849, 851 (Va. 1998) ("In the event of an ambiguity in the written contract, such ambiguity must be construed against the drafter of the agreement.").

Plaintiffs F.T.L.s do not change the terms of their offer letters when they state their "base weekly salary will not change" while they work overseas. That the F.T.L.s do "not change" their base pay suggests the base pay was established outside the four corners of the F.T.L.s, and that is the case; Plaintiffs' pay was established in their offer letters at an hourly rate. Even if the F.T.L.'s phrase "base weekly salary" is ambiguous—a "salary" could imply annual pay instead of weekly pay—it too must be construed against C.S.C. as the drafter. The terms of the F.T.L.s did not transform Plaintiffs from hourly employee to salaried employees. Under the terms of the offer letters and F.T.L.s, Plaintiffs should have been paid for every hour they worked while employed by C.S.C.

Virginia law provides a five-year statute of limitations for claims based on written contracts. See Va. Code Ann. § 8.01-246. Therefore, Plaintiffs' claims fall entirely inside the statute of limitations. There is no genuine issue of material fact to be determined, the relevant documents speak for

themselves, and they indicate Plaintiffs should have been paid for all hours worked. Therefore, Plaintiffs are entitled to summary judgment in their favor.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 10, 2014