IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| VICTORIA RHODES, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-213 |
| | ) | |
| COMPUTER SCIENCES CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

THIS MATTER comes before the Court on Plaintiff Victoria Rhodes's ("Plaintiff") Motion to Amend Judgment to Add Pre-judgment Interest pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On April 10, 2013, this case was properly filed in the Southern District of Mississippi before it was transferred to this Court pursuant to 28 U.S.C. § 1404(a). On December 10, 2014, this Court granted summary judgment to Plaintiff. On December 22, 2014, Plaintiff filed the instant motion to alter judgment for pre-judgment interest. Meanwhile, Defendant timely appealed, and this Court granted a motion to stay while the case was pending before the Fourth Circuit. On May 2, 2016, the Fourth Circuit issued an opinion affirming this Court's ruling

on summary judgment. By mandate, the Fourth Circuit opinion took effect on May 24, 2016.

On June 6, 2016, Plaintiff filed a memorandum in support of its previously filed motion to alter judgment for pre-judgment interest, and Defendant filed a memorandum in opposition on June 20, 2016. Plaintiff argues that the pre-judgment interest rate of 8% applies because Mississippi procedural law applies to this case. Defendant argues that, if interest is awarded, the rate should only be 6% per annum based on Virginia substantive law.

When a case is transferred pursuant to 28 U.S.C. § 1404(a), the court must apply the choice-of-law rules from the original venue. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981)("[A] § 1404(a) transfer should not result in a change in the applicable law . . . ."). The original venue was in Mississippi, so Mississippi's choice-of-law rules apply. Mississippi applies the Second Restatement center of gravity test for deciding what substantive law applies to the case. Ingalls Shipbuilding v. Fed. Ins. Co., 410 F.3d 214, 230 (5th Cir. 2005); Ford v. State Farm Ins. Co., 625 So.2d 792, 794 (Miss. 1993).

The Mississippi center of gravity test includes three steps: (1) determine if the laws at issue are substantive or procedural; (2) if the laws are substantive, classify them are tort, property, or contract; and (3) evaluate which state has a

2

more significant relationship with the parties and issues. <u>Williams v. Liberty Mut. Ins. Co.</u>, 741 F.3d 617, 620 (5th Cir. 2014). Based on this test, Mississippi law determines if an issue is classified as procedural or substantive. <u>Id.</u> at 621. If an issue is procedural rather than substantive, Mississippi law continues to apply even after the transfer to another venue. <u>Id.</u>

Under Mississippi law, the prejudgment interest rate is a procedural rather than substantive issue. <u>Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp.</u>, 743 So. 2d 954, 960 (Miss. 1999)("In Mississippi, the law of the forum applies to all procedural and remedial issues, . . . [which] includes attorneys' fees and the determination of prejudgment interest."); <u>see also</u> <u>Zurich Am. Ins. Co. v. Goodwin</u>, 920 So. 2d 427, 433 (Miss. 2006)(same). The prejudgment interest rate in Mississippi is 8%. Miss. Code Ann. § 75-17-1. Therefore, the prejudgment interest rate of 8% should be applied to this case. Accordingly, it is hereby

ORDERED that the Plaintiff shall be awarded pre-judgment interest at a rate of 8%, running from the date Defendant first breached its contract to the date judgment was entered in Plaintiff's favor.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 21, 2016

4